IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

MUHAMED DIEYE (1)
SAAD NASHAT BOTROS (3)
SAMMED KWEKU OKYNE (4)
RENALDO SANTEZ GAINES (5)
TERRY LEON DANIELS, JR (7)
DYLON AMARI RUBY (13)
COURTNEY JANE SUTTON (14)

NO. 3:26-CR-00548-B

# PROTECTIVE ORDER

Having considered the Motion and applicable law, and in accordance with the findings set forth below, the Court finds that the Motion should be GRANTED.

WHEREAS, the government will provide materials to defendants in the course of the discovery process in this case ("Discovery Materials") that may contain personally identifiable information, financial account numbers, and other protected information.

AND WHEREAS, the parties agree that the government has a compelling interest in preventing the Discovery Materials from being disclosed to anyone not a party to the court proceedings in this matter, as such material may include information relevant to an ongoing investigation and prosecution, and such materials may implicate the privacy interests of third parties;

AND WHEREAS, the parties further agree that the Court has the power under Rules 16(d)(1) and 49.1(e) of the Federal Rules of Criminal Procedure to grant appropriate relief to the parties where required in the interests of justice;

IT IS THEREFORE ORDERED that:

a) The government shall produce to defense counsel of record and the defendant, through his counsel of record, copies of any Discovery Materials.

b) Discovery Materials shall not be further disseminated[1] by the defendant or the defendant's counsel of record to any individuals, organizations or other entities, other than: (i) to members of the criminal defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and administrative staff) ("Defense Team"), and (ii) to any expert witness retained to assist in the preparation of the defense ("Expert Witness"). The defendant's counsel of record and members of the Defense Team may show (but not provide copies of) the Discovery Materials to a witness or potential witness ("Witness") during the course of their investigation of this case.

c) The defendant's counsel of record shall advise any person to whom the Discovery Materials are disclosed pursuant to the above provision that further disclosure or dissemination is prohibited without the express consent of the defendant's counsel of record.

d) Discovery Materials shall not be maintained by the defendant, nor be in the sole physical custody of the defendant, nor shall the defendant be permitted

[1] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

to make notes of the content of said materials and keep such notes with the defendant or disseminate such notes or the contents thereof to anyone other than the defendant's counsel of record and members of the Defense Team.

e) Defendant's counsel of record shall store all Discovery Materials, and any copies thereof, in a secure place at all times.

f) The Discovery Materials in this case are now and will forever remain the property of the United States government. At the conclusion of this case, all Discovery Materials shall be maintained under secure conditions by the defendant's counsel of record.

g) All Discovery Materials are to be used by the defendant, the defendant's counsel of record, any members of the Defense Team, any Expert Witness, and any Witness solely for the purpose of allowing the defendant to prepare his defense in this case.

h) Nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items from the Discovery Materials. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

So ordered on September 21, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE