IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:26-CR-00548-B |
| MUHAMED DIEYE, ET AL. | |

## UNITED STATES' UNOPPOSED MOTION TO CERTIFY THE CASE AS COMPLEX, TOLL THE SPEEDY TRIAL ACT, AND CONTINUE

The United States respectfully files its Motion to Certify the Case as Complex, Toll the Speedy Trial Act, and Continue the trial date and pretrial deadlines. This Motion is unopposed by all defendants who have appeared in this case to date, including defendants Muhamed Dieye, Maurice Rashad McDuffie, Saad Nashat Botros, Sammed Kweku Okyne, Renaldo Santez Gaines, Terry Daniels, Kemar Fitzroy Needham, Dylon Amari Ruby, and Courtney Jane Sutton.

### I. INTRODUCTION

On August 25, 2026, the grand jury returned a twenty-two-count indictment charging fourteen defendants with Conspiracy to Commit Wire Fraud and Bank Fraud (18 U.S.C. § 1349 (18 U.S.C. §§ 1343 and 1344(2)); Wire Fraud (18 U.S.C. § 1343); Bank Fraud (18 U.S.C. § 1344(2)); and Aggravated Identity Theft (18 U.S.C. § 1028A). The indictment: (1) alleges a nationwide conspiracy; (2) captures conduct spanning nearly one-and-a-half years; (3) alleges that defendants' and their coconspirators' scheme affected over 3,000 victims; and (4) is based on voluminous discovery (*i.e.*, over 4.5 terabytes of data).

Trial is currently scheduled to begin on November 9, 2026. *See, e.g.*, ECF 91.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court can grant an "ends of justice" continuance at the request of a defendant, defense counsel, or the government if the Court does so on the basis of the finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One of the factors the Court may consider when granting an "ends of justice" continuance is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

## III. ARGUMENT

This case is "complex" within the meaning of the Speedy Trial Act given the breadth and sophistication of the alleged conspiracy, number of defendants, and vast amount of discovery.

*First*, the breadth and sophistication of the alleged conspiracy, as well as the number of defendants who allegedly participated in the conspiracy, warrant the case being designated as complex. The indictment alleges that the fourteen defendants engaged in a nationwide bank account takeover conspiracy that spanned nearly one-and-a-half years. These fourteen defendants are alleged to have worked with numerous other unindicted coconspirators, five of whom are expressly referenced in the indictment.

The alleged conspiracy was anything but simple. Defendants and their coconspirators are alleged to have targeted multiple financial institutions and financial services companies throughout the United States. The indictment alleges that defendants targeted their victims based on, among other things, a spreadsheet containing the personally identifying information ("PII") of nearly 3,000 separate individuals. The indictment further describes that defendants used Telegram, an encrypted application with self-deleting messages and anonymity features, to collate additional data, generate and procure counterfeit identification documents, and coordinate "plays" across multiple states. Defendants are alleged to have used sophisticated means to perpetrate their fraud, including spoofing and sim-swapping, hiring imposters, utilizing VPNs, paying one another in cryptocurrency, and leveraging banking and telecommunication insiders, some of whom are among the indicted defendants.

Finally, defendants face not only the conspiracy count, but also twenty-one substantive counts based on their actions during the alleged conspiracy. This is exactly the type of sprawling case that should be certified as complex.

*Second*, the vast amount of discovery in this case necessitates that it be certified as complex. The United States has over *4.5 terabytes* of discovery to produce to defense counsel. A single terabyte equals approximately 6.5 million document pages, commonly stored as office files, PDFs, and presentations. It is also equal to 1,300 physical filing cabinets of paper. The United States has 4.5 times that amount of information. And that is not including discovery the United States seized while arresting defendants—data that the United States Attorney's Office is continuing to receive and process. As of this filing, the

4.5 terabytes of discovery in the United States' possession includes hundreds of thousands of direct and group message chats through Telegram; scores of alleged victims' financial records and PII; video and audio recordings; forensic reports for electronic devices; jail calls; and much more.

Coupled with the complexity of the conspiracy and number of defendants, the substantial amount of discovery makes it impractical for defense counsel, and counsel for the United States, to prepare for trial in 70 days. Indeed, analysis of the information and its impact on the case will take far more than the 70 days allotted under the Speedy Trial Act. The United States accordingly submits that a tolling of the Speedy Trial Act is appropriate in this case and consistent with caselaw affirming complex certifications given a "high volume of discovery." *See United States v. Bieganowski*, 313 F.3d 264, 282 n.15 (5th Cir. 2002) (collecting cases).

## IV. <u>CONCLUSION</u>

Based on the foregoing, the United States respectfully requests that the Court issue a written order finding that

1. the ends of justice served by the granting of a trial continuance outweigh the best interests of the public and the defendants in a speedy trial;
2. the case is so complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) that it is unreasonable to expect that adequate preparation for pretrial or trial proceedings can take place within the time limits of 18 U.S.C. § 3161; and
3. a continuance of the trial date for the duration set forth in this motion is therefore necessary.

The government further requests that the Court vacate the current trial setting as to the defendants, grant a continuance of the trial for a date **on or after April 26, 2027**, to allow the parties adequate time to prepare, and issue a new scheduling order with new pretrial deadlines consistent with the new trial date.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

/s/ *Michael J. Murtha*
MICHAEL J. MURTHA
Assistant United States Attorney
Texas Bar Number 24116801
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone: (214) 659-8600
Facsimile: (214) 659-8805
Michael.Murtha@usdoj.gov

## CERTIFICATE OF CONFERENCE

I hereby certify that beginning on September 9, 2026, the United States sent a letter to counsel for each defendant with this Motion and Proposed Order. The United States asked defense counsel to submit all objections to the proposed motion by Friday, October 2, 2026. All responses received to date are noted below.

| # | Defendant's Name | Defense Counsel | Defendant's Position |
|---|---|---|---|
| 1 | Muhamed Dieye | Kara Carreras | Unopposed |
| 2 | Maurice Rashad McDuffie | Bryan Oliver | Unopposed |
| 3 | Saad Nashat Botros | Joe Magliolo | Unopposed |
| 4 | Sammed Kweku Okyne | Charles Bleil and Jeneba Barrie | Unopposed |
| 5 | Renaldo Santez Gaines | Walker Fults | Unopposed |
| 6 | | *Has not appeared.* | |
| 7 | Terry Leon Daniels, Jr. | Joey Mongaras | Unopposed |
| 8 | | *Has not appeared.* | |
| 9 | | *Has not appeared.* | |
| 10 | Kemar Fitzroy Needham | *CJA pending* | *N/A* |
| 11 | | *Has not appeared.* | |
| 12 | Kevin Brandon Flores Cazares | *CJA pending* | *N/A* |
| 13 | Dylon Amari Ruby | James Lee Bright | Unopposed |
| 14 | Courtney Jane Sutton | Clint Broden | Unopposed |

/s/ *Michael J. Murtha*
MICHAEL J. MURTHA
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was filed via the Court's CM/ECF System on this 2nd day of October 2026.

/s/ *Michael J. Murtha*
MICHAEL J. MURTHA
Assistant United States Attorney