IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:26-CR-00548-B |
| MUHAMED DIEYE, ET AL. | |

**[PROPOSED] ORDER CERTIFYING CASE COMPLEX, TOLLING SPEEDY TRIAL ACT, AND CONTINUING TRIAL**

Pending before the Court is the United States' Unopposed Motion to Certify the Case as Complex, Toll the Speedy Trial Act, and Continue. Having considered the Motion and applicable law, and in accordance with the findings set forth below, the Court finds that the Motion should be GRANTED.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court may grant a continuance if the Court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." One of the factors the Court can consider in granting an "ends of justice" continuance is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). And, even if the case is not unusual or complex, a continuance may still be appropriate if the time limits would nevertheless "deny counsel for the defendant or the attorney for the Government the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

Here, the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial, and that failure to grant such a continuance might result in a miscarriage of justice. Specifically, the Court finds that this case is complex due to the number of defendants, the nature of the prosecution, the complexity of the facts underlying the indictment, and the voluminous and complex nature of the discovery that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. Accordingly, the Court designates this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).

As a result, the Court GRANTS the United States' Motion. Any period of delay resulting from this continuance shall be excluded in computing the time within which the trial of this cause must commence under 18 U.S.C. § 3161.

The trial in this case is reset to __________ __, ____ at 9:00 a.m. The pretrial conference is reset to __________ __, ____ at 9:00 a.m. Pretrial motions and the defendant's discovery are due by __________ __, ____. Responses to any pretrial motions are due by __________ __, ____. Pretrial materials, as detailed in the Court's scheduling order, are due by __________ __, ____.

So ordered on __________ __, 2026.

______________________________________

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE