IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:26-CR-00548-B |
| MUHAMED DIEYE, ET AL. | |

**UNITED STATES' MOTION FOR ALTERNATIVE VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771(D)(2)**

The United States respectfully files its Motion for Alternative Victim Notification under 18 U.S.C. § 3771(d)(2) and requests authorization to employ the victim notification procedures described below, in lieu of those prescribed by §§ 3771(a), (b) and (c), because the number of crime victims in this case makes it impracticable to accord all crime victims the rights described in subsection 3771(a). This Motion applies to all defendants.

## I. ARGUMENT

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)." 18 U.S.C. § 3771(c)(1). The Act likewise instructs the Court to "ensure that the crime victim is

afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e).

Importantly, the Act recognizes that, for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. §3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id*.

Here, fourteen defendants are charged in a twenty-two-count indictment. The indictment alleges that defendants engaged in a nationwide bank account takeover conspiracy that affected over 3,000 victims, many of whom were included on a spreadsheet in the defendants' possession (the "Morris Spreadsheet"). The United States represents that the spreadsheet containing the victims' personally identifying information includes social security numbers, bank account numbers, EINs, dates of birth, home and business addresses, and the like. At times, however, cells are missing relevant victim data. Given the number of alleged victims and incomplete information, it will be impracticable for the government to identify and locate all victims and then provide them with reasonable,

accurate, and timely notice by mail or e-mail of the various court proceedings. In other words, the number of victims make compliance with the notification requirements outlined in section 3771(a), (b) and (c) impracticable. Neither the government nor the Court has the resources to accord all victims in this case the notice required by subsection 3771(a).

Therefore, due to the large number of victims in this case, the United States requests authorization to use the Justice Department's website for large cases, http://justice.gov/largecases/, to provide victims with case-specific notices. In addition to the usual victim notification services—and given that the United States does not have complete contact information for every victim—the United States would also issue a press release informing individuals who believe they may be victims to access the Justice Department website for more information. Nearly every defendant in this case is unopposed to this request, which simply concerns the logistics of *how* the United States notifies victims.

Despite virtually no concern over how the United States notifies victims, defendant Small opposes the United States' request. He is the only defendant to affirmatively do so.[1] Small objects that the indictment only lists the initials of 11 victims rather than listing all 3,000 individuals included in the Morris Spreadsheet. Thus, he asserts that notification to the identified victims is manageable, and there is no need for a website because there is apparently no need to notify the remaining Morris Spreadsheet victims. Small's objections

1 Counsel for Flores Cazares did not respond.

are meritless. There is simply no credible reason for a defendant to object to: (1) who is deemed a victim for notification purposes; nor (2) the means by which the United States provides those notices.

*First*, neither Small nor his attorney are tasked with determining who victims in this case are. The United States is. *See* 18 U.S.C. § 3771(c)(1). And while Small may disregard the victims not identified in the indictment, the United States will not. Whether a victim's PII was used during a specific bank account takeover "play" or not, 3,000 individuals' (and counting) PII was in the hands of a nationwide criminal conspiracy. Each of the individuals in the Morris Spreadsheet has a right to receive notice of this serious privacy breach—namely, the inclusion of their data in a criminal conspiracy—so they can take proactive steps to protect themselves and participate in these proceedings to the extent authorized by law. *See* 18 U.S.C. § 3771(e)(2)(A); *id.* at § 3771(a).

In this regard, it is noteworthy that Small is the only defendant to object. When arrested just weeks ago, federal agents seized approximately 32 electronic devices, including 18 cell phones, in Small's counterfeit document lab. Once the data in these devices is reviewed under a valid search warrant, the number of victims in this case will only expand, making it even more impracticable for the United States to manually contact victims.

*Second*, Small's objection to *how* the United States contacts victims is frivolous. Whether the United States mails a letter, sends an email, or directs victims to a website that can provide them with quicker updates, the result is the same: victims will be, *and*

*must be*, notified. Two of those routes simply delay the process, hamper the United States' ability to find all victims due to missing data, and require the expense of more taxpayer dollars; the other route is more efficient, ensures wider reach, and is less expensive. Small has no colorable reason for opposing the latter option. In fact, when asked if Small was specifically requesting that the United States manually contact victims, his attorney stated "no." Yet, when asked if he had an alternative, his attorney likewise stated "no." The Court should not countenance Small's misplaced opposition.[2]

In short, the United States must provide notice to approximately 3,000 victims (and counting) and keep them apprised of updates in this case. To do so, it respectfully requests the ability to direct victims to the Justice Department's website for large cases, which it will use to provide victims with case-specific updates. This is not a novel request. Judge Starr granted the United States this very relief in *United States v. Sorin Becheru*, Case No. 3:21-CR-00098-X at ECF 42 (June 28, 2023). And numerous other district courts have granted similar relief. *See, e.g.*:

- *United States v. Skilling*, No. CRIM H-04-025-SS, 2009 WL 806757, at *2 (S.D. Tex. Mar. 26, 2009) ("The responsibility of notifying victims of the rights provided by section 3771 rests with the United States Department of Justice. Accordingly, the Department of Justice is ORDERED to publish a copy of this Order in The Houston Chronicle . . . and in one national newspaper[.] A copy of this Order will also be posted on the court's website (www.txs.uscourts.gov) and

2 Small also objects to the United States' use of the plural possessive when it states that the Morris Spreadsheet was in "defendants' possession." This objection is likewise misguided. The United States is not required to provide a granular picture of the case—*e.g.*, accounting for each defendant's participation in the conspiracy, including what he or she possessed or did not possess—when notifying victims. Multiple defendants in the conspiracy possessed or had access to the Morris Spreadsheet. And all defendants possessed PII from the Morris Spreadsheet. Thus, the statement is accurate, and whether Small possessed the specific file himself is irrelevant for victim notification purposes.

may be accessed by clicking on "Notable Cases" and then "United States of America v. Richard A. Causey, Jeffrey K. Skilling, Kenneth L. Lay.");

- *United States v. Ginster*, 3:22-CR-374, at ECF 40 (N.D. Cal. Oct. 11, 2022) (authorizing the use of government websites for large cases to provide notice to thousands of potential victims of cryptocurrency fraud scheme);
- *United States v. Turchin*, 2:18-CR-303, ECF 10 (W.D. Wash. July 7, 2020) (authorizing use of Justice Department's large case website in cyberbreach prosecution involving hundreds of protected computer networks);
- *United States v. Iarmak*, 2:19-CR-257, at ECF 18 (W.D. Wash. May 14, 2020) (granting motion to permit victim notification via Justice Department's large case website in prosecution of malware scheme that attacked over 100 companies in the United States); and
- *United States v. Elbaz*, 8:18-CR-157 TDC, Dkt. 89 (D. Md. Nov. 5, 2018) (granting motion to permit victim notification via Justice Department's large case website in a case involving an alleged conspiracy to defraud investors).

## CONCLUSION

Based on the foregoing, the United States requests the Court grant its Motion and authorize it to use the alternative victim notification procedures described above. This relief would apply to all defendants.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

/s/ *Michael J. Murtha*
MICHAEL J. MURTHA
Assistant United States Attorney
Texas Bar Number 24116801
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone: (214) 659-8600
Facsimile: (214) 659-8805
Michael.Murtha@usdoj.gov

## CERTIFICATE OF CONFERENCE

I hereby certify that beginning on September 9, 2026, the United States sent a letter to counsel for each defendant with this Motion and Proposed Order. All responses received to date are noted below.

| # | Defendant's Name | Defense Counsel | Defendant's Position |
|---|---|---|---|
| 1 | Muhamed Dieye | Kara Carreras | Unopposed |
| 2 | Maurice Rashad McDuffie | Bryan Oliver | Unopposed |
| 3 | Saad Nashat Botros | Joe Magliolo | Unopposed |
| 4 | Sammed Kweku Okyne | Matt Toback | Unopposed[3] |
| 5 | Renaldo Santez Gaines | Walker Fults | Unopposed |
| 6 | Alphonso Seke-Horton | Reshaun Finkley | Unopposed |
| 7 | Terry Leon Daniels, Jr. | Joey Mongaras | Unopposed |
| 8 | *Has not appeared* | | |
| 9 | Jamel Allen Small | Nick Bunch<br>Samara Taper | Opposed |
| 10 | Kemar Fitzroy Needham | Richard McConathy | Unopposed |
| 11 | *Has not appeared* | | |
| 12 | Kevin Brandon Flores Cazares | Curt Crum | Did not respond |
| 13 | Dylon Amari Ruby | James Lee Bright | Unopposed |
| 14 | Courtney Jane Sutton | Clint Broden | Unopposed |

/s/ *Michael J. Murtha*
MICHAEL J. MURTHA
Assistant United States Attorney

3 Charles Bleil, Okyne's prior counsel, stated that Okyne was unopposed to this Motion.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was filed via the Court's CM/ECF System on this 2nd day of November 2026.

/s/ *Michael J. Murtha*
MICHAEL J. MURTHA
Assistant United States Attorney